# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2010

No. 08-50300

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR JAVIER FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-203-6

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cesar Javier Flores was convicted by a jury of conspiracy and substantive drug offenses and sentenced to 63 months in prison. He did not timely appeal his conviction because he was allegedly under the mistaken impression that his counsel had filed a notice of appeal when counsel had not done so. Four months after the judgment was entered, Flores sought relief in a pro se motion purportedly filed under FED. R. CIV. P. 60(b). The motion was captioned "Motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50300

Pursuant to 60(b) F.R.Civ.P. to Recall Mandate, to File Notice of Appeal, for Failure of Defendant's Attorney to Comply with Rule 4(a) Fed.R.App.P."

The district court denied the motion because Rule 60(b), a rule of *civil* procedure, is inapplicable in criminal cases. The court also noted that the time for filing a motion for new trial pursuant to FED. R. CRIM. P. 33 had expired, even though Flores had not requested that relief. The court advised Flores that he could challenge his conviction by filing a motion pursuant to 28 U.S.C. § 2255. Flores appeals from the district court's order. We conclude that the district court erred in its construction of Flores's pro se motion, and we remand for further proceedings.

The district court was correct that Rule 60(b) applies only to civil cases and "simply does not provide relief from a judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) (Dennis, J., dissenting from grant of motion for temporary stay pending appeal). The proper vehicle for challenging a criminal conviction after the direct appeal period has expired is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

Here, although Flores invoked FED. R. CIV. P. 60(b), it is clear from the contents of his motion that Flores was making a claim of ineffective assistance of counsel for failing to file a notice of appeal. Such a claim is properly asserted in a § 2255 motion because counsel's failure to appeal a conviction when requested to do so is constitutionally deficient performance, and the remedy is an out-of-time appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 483–86, 120 S. Ct. 1029, 1038–40 (2000); *see also United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). Flores did not explicitly ask for an out-of-time appeal, but he did seek as relief "the opportunity to file [a] notice of appeal."

Pro se litigants are entitled to liberal construction of their pleadings. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). Moreover, "[w]e have frequently instructed district courts to determine the true nature of a

No. 08-50300

pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005); *see also Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label'") (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963)).

We find that Flores's motion, although inartfully drafted, stated enough that it should have been liberally construed as a § 2255 motion. *Cf. United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) (holding in a collateral proceeding that "courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions"). We express no opinion on the merits of Flores's constitutional claim, such as whether he actually did ask counsel to file an appeal or whether counsel failed to consult with his client. *See Flores-Ortega*, 528 U.S. at 477–78, 120 S. Ct. at 1035. But we think that the interests of justice require the district court to further consider the matter, including providing Flores with notice that the motion will be recharacterized under § 2255. *See Castro v. United States*, 540 U.S. 375, 381–83, 124 S. Ct. 786, 791–92 (2003) (before construing pro se litigant's motion as a request for relief under § 2255 court must notify litigant that it intends to recharacterize the motion, warn the litigant that any subsequent § 2255 motion will be subject to second or successive restrictions, and provide the litigant an opportunity to withdraw or amend the motion to include all of his claims). We therefore remand to the district court for further proceedings.

VACATED and REMANDED.