# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2010

Lyle W. Cayce
Clerk

No. 09-40089
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MORON-SOLIS, also known as Juan Garica Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-494-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Moron-Solis (Moron) pleaded guilty to one count of credit card fraud and was sentenced to 46 months of imprisonment. His judgment of conviction and sentence was signed on March 26, 2008, and entered on November 14, 2008. On January 22, 2009, Moron filed a pro se notice of appeal and sought leave to appeal out of time, alleging that his counsel had failed to appeal his case. Moron asserted that he had initially been assured by his attorney that an appeal had been timely filed but had subsequently been advised by the attorney that filing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an appeal was not the attorney's job to do. The district court denied Moron an out-of-time appeal.

Moron appeals that ruling and contends also that his offense level was improperly enhanced by two levels, pursuant to U.S.S.G. § 2B1.1(b)(2), on the basis that the offense involved more than 10 victims. The Government responds that the appeal must be dismissed as untimely. Moron replies that his pro se motion to extend the deadline for appealing should have been liberally construed as a motion to vacate under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel.

A criminal defendant must file his notice of appeal within 10 days after the entry of the judgment or order being appealed.[1] FED. R. APP. P. 4(b)(1)(A)(I) (2008). If it finds good cause or excusable neglect, the district court may extend that time "for a period not to exceed 30 days." FED. R. APP. P. 4(b)(4) (2008). Because the 10-day limitation on filing a notice of appeal is not statutorily imposed, it is not jurisdictional and may be waived. *United States v. Martinez,* 496 F.3d 387, 388-89 (5th Cir. 2007) (extending *Bowles v. Russell*, 551 U.S. 205, 208-14 (2007)). Nothing in the record, however, suggests that the Government waived any temporal requirements in this case.

Because final judgment was entered on November 14, 2008, Moron had until November 28, 2008, to file a notice of appeal that would be timely. FED. R. APP. P. 4(b)(1)(A)(i) (2008); FED. R. APP. P. 26(a)(2) (2008).[2] Moron failed to do so, and the district court's discretionary authority to extend the 10-day period

---

[1] Effective December 1, 2009, the 10-day period in Rule 4 was increased to 14 days. *See* FED. R. APP. P. 4(b)(1)(A) (2009); *see also supra* advisory committee notes regarding 2009 amendments (subdivisions (b)(1)(A) and (b)(3)(A)). This opinion uses the prior version of Rule 4; but given that Moron's appeal notice was filed more than two months after the entry of judgment, the result is the same under either version of the rule.

[2] Rule 26 was revised effective December 1, 2009. *See* FED. R. APP. P. 26 (2009); *see also supra* advisory committee notes regarding 2009 amendments (subdivision (a)(1)). Under the revised rule, all deadlines measured in days are computed the same way; the number of days does not matter. *See* FED. R. APP. P. 26(a)(1).

based on good cause or excusable neglect expired 30 days later, on December 29, 2008. FED. R. APP. P. 4(b)(4) (2008).[3] Moron's notice of appeal and incorporated motion to extend the time for appealing, which Moron dated January 14, 2008, was filed in the district court on January 20, 2008. That filing thus could not serve as a timely notice of appeal or motion to extend the time for appealing. *See* FED. R. APP. P. 4(b) (2008).

Because Moron filed his motion and notice of appeal pro se, it must be given a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). We therefore construe Moron's motion as a § 2255 motion asserting a claim of ineffective assistance of counsel, deem it timely because it was filed less than one year after the judgment of conviction became final for want of a timely appeal, *see* § 2255(f), and remand to the district court for further proceedings consistent with this order.

We express no opinion on the merits of Moron's constitutional claim, such as whether he actually did ask counsel to file an appeal or whether counsel failed to consult with his client. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477-78 (2000). But the interests of justice require that the district court give Moron's claims additional consideration. Before it does so, however, the district court is to provide Moron with appropriate notice that his motion for an out-of-time appeal will be recharacterized as a § 2255 motion, warn him that any subsequent § 2255 motion will be subject to second or successive restrictions, and provide him an opportunity to withdraw or amend the motion to include all of his claims. *See Castro v. United States*, 540 U.S. 375, 381-83 (2003).

VACATED and REMANDED.

---

[3] The 30-day period under Rule 4(b)(4) was not changed by the 2009 amendments to the Federal Rules of Appellate Procedure. *See* Rule 4(b)(4) (2010).