Roger Lee WYATT, Plaintiff–Appellant

v.

Rick THALER;  Brad Livingston, Executive Director of Parole Board;  Rissie Owens, Chairman of the Parole Board;  Jackie Denoyelles, Parole Board Member;  James Paul Kiel, Parole Board Member;  Frank Hoke, Administrator, Defendants–Appellees.

No. 10–50166
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 20, 2010.

Roger Lee Wyatt, Tennessee Colony, TX, pro se.

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM: *

Roger Lee Wyatt, Texas prisoner # 427786, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit for frivolousness pursuant to 28 U.S.C. § 1915(e). He argues that he improperly was denied release on mandatory supervision after he completed 20 calendar years of his sentence. He contends that the parole board failed to apply the mandatory supervision law that was operative at the time of his offense and wrongly denied him automatic release on mandatory supervision after he was denied parole; he argues that the parole board erroneously applied a version of the mandatory supervision law that became effective after the date of his offense. He also asserts that he was unable to present this argument competently because resources detailing the relevant mandatory supervision laws were removed from the prison law library. We review the dismissal as frivolous for an abuse of discretion. *See Norton v. Dimazana,* 122 F.3d 286, 291 (5th Cir.1997).

■ Wyatt has not shown that the parole board did not apply the appropriate mandatory supervision law or that he otherwise is presently eligible for release on mandatory supervision. The mandatory supervision scheme operative at the time of Wyatt's offense set forth that a Texas prisoner not on parole, except a person under a sentence of death, was to be released to mandatory supervision when the calendar time he has served plus his accrued good conduct time equaled the maximum term to which he was sentenced. TEX.CODE CRIM. PROC. art. 42.12 § 15(c) (Vernon 1984) (recodified as art. 42.18, § 8(c), and later as TEX. GOV'T CODE ANN. § 508.147) (Vernon 1998). The record indicates that Wyatt has not yet met the requirements for release on mandatory supervision. Because Wyatt is not currently entitled to release on mandatory supervision, he has not established that the parole board erred in its determination of his eligibility for release on mandatory supervision. Thus, he has not shown that the district court abused its discretion in dismissing his contention that he was entitled

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to release on mandatory supervision as frivolous. *See Norton,* 122 F.3d at 291.

■ Similarly, given Wyatt's ineligibility for release on mandatory supervision, his argument that he was denied access to the courts because the prison law library lacked resources related to the mandatory supervision laws is unavailing. Any failure of the prison law library to have resources detailing the mandatory supervision laws is immaterial because the provision of further resources would not have bolstered the merits of Wyatt's claim. He therefore has not shown that his ability to pursue a nonfrivolous legal claim was hindered by the defendants. *See Lewis v. Casey,* 518 U.S. 343, 351–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Accordingly, he has not shown that the district court abused its discretion in determining that this claim was subject to dismissal as frivolous. *See Norton,* 122 F.3d at 291.

■ Wyatt also argues that the district court erred in dismissing his complaint without first conducting an evidentiary hearing. Because Wyatt has not shown that he could assert any viable claims if given the opportunity for additional factual development, the district court did not err in dismissing the complaint without conducting an evidentiary hearing. *See Eason v. Thaler,* 14 F.3d 8, 10 (5th Cir.1994).

■ Wyatt's instant appeal lacks merit, *see Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983), and should be dismissed as frivolous. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Wyatt's § 1983 suit pursuant to § 1915(e) count as two strikes for purposes of § 1915(g), which places filing limits on IFP prisoners who file frivolous lawsuits and appeals. *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). Wyatt is advised that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.