# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2012

No. 11-10889
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD BOULDIN, also known as Waco,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-11-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Bouldin, federal prisoner # 32154-177, proceeding *pro se*, whose guilty-plea conviction became final in 2008, filed a notice of appeal from the 13 September 2011 denial of his motion for a new trial, under Federal Rule of Criminal Procedure 33, and for relief from judgment, under Federal Rule of Civil Procedure 60(b). Review is for abuse of discretion. *E.g.*, *United States v. Franklin*, 561 F.3d 398, 405 (5th Cir. 2009) (Rule 33); *Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006) (Rule 60(b)).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10889

Although Bouldin's appellate brief also references the district court's 19 September 2011 denial of his second motion for a new trial and relief from judgment, his 19 September 2011 notice of appeal refers only to the 13 September denial. Thus, we lack jurisdiction to review the 19 September denial. Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed . . . ."); *Gonzalez v. Thaler*, 132 S. Ct. 641, 651-52 (2012) (Rule 3 is jurisdictional). *See also Warfield v. Fidelity and Deposit Co.*, 904 F.2d 322, 325 (5th Cir. 1990) (when appellant "notices the appeal of a specified judgment only or a part thereof . . . this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal" (internal quotation marks omitted)).

The district court found Bouldin's Rule 33 motion untimely. *See* Fed. R. Crim. P. 33(b) (providing three-year time limit when ground for new trial is newly discovered evidence; otherwise, limit is 14 days). Bouldin's assertion that the time limits under Rule 33 should have been equitably tolled is not adequately briefed and therefore waived. Fed. R. App. P. 28(a)(9)(A). Bouldin also contends, citing *Eberhart v. United States*, 546 U.S. 12 (2005), that the district court erred by dismissing *sua sponte* his motion for untimeliness. In *Eberhart*, the Supreme Court concluded the time requirements for Rule 33 are nonjurisdictional claims-processing rules and that the Government forfeited the untimeliness defense by not raising it until after the district court decided the motion on the merits. 546 U.S. at 19. Bouldin's reliance on *Eberhart* is misplaced. The district court denied Bouldin's motion the day after it was filed, without participation by the Government. A "district court does not err, after *Eberhart*, if it enforces an inflexible claim processing rule, and we may not reverse its decision to do so". *United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006).

No. 11-10889

To the extent Bouldin's motion also invoked Rule 60(b), the district court ruled correctly that the Federal Rules of Civil Procedure do not apply to criminal cases. *United States v. O'Keefe,* 169 F.3d 281, 289 (5th Cir. 1999).

AFFIRMED.