# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 30, 2012

Lyle W. Cayce
Clerk

No. 10-10477

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

ROY PERKINS, JR., also known as Lil Roy,

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Texas
U.S. Dist. Ct. No. 5:09-CV-212

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Roy Perkins, Jr., federal prisoner # 25970-077, appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence. The district court held that equitable tolling does not salvage Perkins's untimely filing of his § 2255 motion. Because we conclude that Perkins failed to diligently pursue his ineffective assistance of counsel claims during the period he seeks to equitably toll, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10477

## I. Facts and Procedural History

A grand jury indicted Perkins on multiple drug-related counts. Perkins pled guilty to one of those counts, for distribution and possession with intent to distribute fifty grams or more of cocaine base. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). On April 27, 2007, the district court sentenced Perkins to 327 months in prison, followed by five years of supervised release. Because no notice of appeal was filed, Perkins's conviction became final on May 11, 2007. *See* FED. R. APP. P. 4(b). Accordingly, Perkins had until May 11, 2008 to file a § 2255 motion, but he did not formally do so until September 8, 2009. *See* 28 U.S.C. § 2255(f)(1) (imposing one-year limitation period running from "the date on which the judgment of conviction becomes final").

Perkins twice moved during the limitations period for permission to file an out-of-time appeal. In the first of those motions, filed in October 2007, Perkins contended that his trial counsel ignored his instructions to file a notice of appeal and, therefore, that the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), required the district court to allow a tardy appeal. Although Perkins's plea agreement contained an appellate waiver, the waiver preserved his ability to challenge certain sentencing-related errors on direct appeal and to raise "any" ineffective assistance of counsel claims.[1] Citing the waiver, the district court denied Perkins's motion but observed in a footnote that, "[t]o the extent Perkins [sought] to raise an ineffective-assistance-of-counsel claim, that claim should be raised in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255."

---

[1] "Perkins waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Perkins, however, reserves the right: (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the advisory guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) any claims of ineffective assistance of counsel."

No. 10-10477

Almost six months later—but within the limitations period—Perkins filed another motion, styled "Motion for out of Time Appeal." Although this motion, too, requested permission to file an untimely appeal based on counsel's alleged failure to file a notice of appeal, it contained additional ineffective assistance allegations. According to Perkins, his attorney had also failed to attend a "PSI hearing," to "file any objection [or] file a brief in [his] behalf," and to raise an unspecified Sixth Amendment violation.[2] Perkins also briefly explained other issues he intended to raise on appeal. Quoting his appeal waiver, Perkins asked the district court to give him "a fair chance to file a direct appeal" on two of the three direct-appeal exceptions to his waiver: the exceptions concerning a "sentence exceeding the statutory maximum punishment" and "an upward departure from the advisory guideline range." On June 12, 2008, a little more than a month after the limitations period closed, the district court denied Perkins's second motion. Perkins failed to appeal the denial of either motion.

In the nearly sixteen intervening months between missing the deadline and filing the § 2255 application, Perkins, proceeding *pro se*, filed several other motions with the district court and even participated in an appeal concerning whether certain amendments to the crack/cocaine provisions of the United States Sentencing Guidelines entitled him to resentencing. These filings consisted of a motion concerning retroactive application of the crack/cocaine Guideline amendments to Perkins's sentence, motions to proceed *in forma pauperis*, motions to appoint counsel, a motion for information under the Jencks

---

[2] Although Perkins did not identify the unraised Sixth Amendment objection, he noted that the violation concerned an issue "under *In re Winship*." *See* 397 U.S. 358 (1970). *Winship* held that the reasonable-doubt standard applies to juvenile offenders. Liberally construed, and in light of Perkins's later filings, we read Perkins's motion to have argued that his attorney should have objected to the district court's adoption of the conspiracy-related factual allegations in his PSR. Perkins was not convicted on the conspiracy charges against him, but precedent permits sentencing based on a preponderance, rather than a beyond-a-reasonable-doubt, standard. *See United States v. Watts*, 519 U.S. 148, 156-57 (1997).

No. 10-10477

Act, 18 U.S.C. § 3500, and a motion to amend the Jencks-Act motion. Perkins also made several document and status requests, participated in briefing the crack/cocaine motion, appealed the denial of that motion, and submitted briefs on that ultimately unsuccessful appeal. In none of these documents did Perkins raise ineffective assistance of counsel claims or seek review of the denial of his motions for an out-of-time appeal.

In July 2009—fourteen months after the § 2255 limitations period closed—Perkins filed a motion raising an ineffective assistance of counsel claim, styled as a motion to set aside judgment under Federal Rule of Civil Procedure 60. In it, Perkins argued in part that his counsel failed to object to the district court's use of certain prior state convictions to enhance Perkins's sentence as a career offender. We have previously held that district courts may construe Rule 60 motions alleging ineffective assistance of counsel as motions for § 2255 relief. *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). Rather than obtain a ruling on this motion, however, on September 3, 2009, Perkins filed a motion to voluntarily dismiss it without prejudice.

Five days later, Perkins finally filed a § 2255 motion on a form document titled "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" as well as a supporting memorandum of law. Perkins asked the district court to equitably toll the limitations period, primarily arguing that his attorney provided ineffective assistance by failing both to file a notice of appeal and to object to the inclusion of certain prior convictions in calculating his sentence.[3] Perkins also contended that the limitations clock should have started running later than May 11, 2007, because authorities had initially shuffled him among several detention facilities, and he lacked access to appropriate legal

---

[3] The motion also identified a third grounds for ineffective assistance, substantively claiming that Perkins's counsel failed to research relevant case law or to conduct a proper investigation of the evidence against Perkins.

materials during that time. Nowhere did he explain what had happened that finally led him to file the § 2255 motion, why he failed to do so in response to the district court's original direction, or how he was able to file so many other legal documents but not the § 2255 motion. The district court denied the motion as untimely, reasoning that Perkins had not diligently pursued his federal habeas claims. The district court also denied Perkins's later-filed motion for a certificate of appealability ("COA") on his ineffective assistance arguments.

Perkins appealed. We granted a COA on the following issues: Did the district court abuse its discretion in rejecting Perkins's request for equitable tolling without considering that his motions for an out-of-time appeal could have been construed as timely § 2255 motions? Does the district court's failure to construe those motions as § 2255 motions present "rare and extraordinary" circumstances warranting equitable tolling?

## II. Standard of Review and Guiding Principles

We review for abuse of discretion a district court's refusal to apply equitable tolling. *See United States v. Wynn*, 292 F.3d 226, 229-30 (5th Cir. 2002) (citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citation and internal quotation marks omitted). Equitable tolling "turns on the facts and circumstances of [each] particular case" and "does not lend itself to bright-line rules." *Fisher*, 174 F.3d at 713; *see also Holland*, 130 S. Ct. at 2563 (collecting cases). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation marks omitted). In the context of alleged court-made errors, "extraordinary

No. 10-10477

circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (citing *United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000)).

### III. Perkins Failed to Diligently Pursue His Ineffective Assistance Claims

On appeal, Perkins contends that the district court erred in failing to construe either of his two motions for an out-of-time appeal as § 2255 motions and that these failures constituted "rare and exceptional" circumstances, in the form of government-imposed impediments, that prevented him from timely filing. Perkins correctly argues that courts should liberally construe the substance of *pro se* defendants' filings, regardless of their form or title. *See, e.g.*, *Andrews v. United States*, 373 U.S. 334, 338 (1963). As Perkins notes, we also previously have required district courts to recharacterize as § 2255 motions both requests for out-of-time appeals and Rule 60 motions that in substance bring ineffective assistance of counsel claims. *See United States v. Moron-Solis*, 388 F. App'x 443, 444-45 (5th Cir. 2010) (unpublished) (motion for out-of-time appeal); *United States v. Flores*, 380 F. App'x 371, 371-72 (5th Cir. 2010) (unpublished) (Rule 60 motion).

Whatever the merit of Perkins's arguments, however, we do not reach the second question of whether the district court's alleged mistakes constitute "rare and exceptional circumstances" because, on the facts presented, he cannot meet the other prong of equitable tolling: reasonable diligence. Because Perkins must show diligence in order to establish that the district court abused its discretion in denying equitable tolling, we therefore must answer the first question "no." Perkins never appealed the denial of the two motions he now contends should have been construed as timely § 2255 applications. His argument, then, is

6

No. 10-10477

limited to asserting that the district court's failure to construe those motions as § 2255 applications is a ground for equitable tolling. We disagree.

As an initial matter, *Moron-Solis* and *Flores* are distinguishable because both concerned appeals taken during the one-year limitations period. Further, unlike here, the defendants in both cases could have filed timely § 2255 motions on remand.

More fundamentally, the district court's ostensible error did not "prevent" Perkins from filing a § 2255 motion during the limitations period or within a reasonable amount of time after the district court denied his second motion for an out-of-time appeal. *See Coleman*, 184 F.3d at 402.[4] "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citing, *inter alia*, *Fisher*, 174 F.3d at 716) (other internal citations, quotation marks, and footnote omitted).

Perkins has not pointed to any causal link between the district court's alleged error and his untimeliness. Indeed, rather than misleading Perkins in the exercise of his § 2255 rights, the district court affirmatively informed Perkins of the precise vehicle to raise any ineffective assistance of counsel claims in its order denying Perkins's first motion for an out-of-time appeal. Accordingly, although Perkins need only have exercised "reasonable . . . not maximum feasible diligence," *Holland*, 130 S. Ct. at 2565 (internal quotation marks and

---

[4] Perkins appears to argue that his requests for appointed counsel implicitly raised ineffective assistance of counsel claims. We disagree. Although Perkins's requests for appointed counsel evince his desire for effective representation, they cannot be read to advance any argument that his previous counsel provided ineffective assistance.

citations omitted), we hold on these facts that Perkins failed to pursue his ineffective assistance of counsel claims with an amount of diligence justifying equitable tolling. *Cf. Valverde*, 224 F.3d at 134 ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."). Thus, we conclude that the district court did not abuse its discretion, and we need not reach the "rare and exceptional" circumstances question.[5]

AFFIRMED.

---

[5] Perkins's cause is not advanced by his contention that the limitations clock should have started only after he had access to appropriate legal materials or discovered his attorney's alleged failure to file a notice of appeal. *See* 28 U.S.C. § 2255(f)(2), (f)(4) (providing that the limitations period may start on the later of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). To the extent this is an argument for statutory tolling, we lack jurisdiction to consider it as no COA was granted on that point. To the extent that it relates to his claim of equitable tolling, even if we accepted that Perkins lacked access to such materials and that his attorney failed to file a notice of appeal—and nothing in the record supports those conclusions except Perkins's allegations and affidavit—the clock would have started no later than when Perkins began researching his first motion for an out-of-time appeal. Assuming that occurred as late as September 2007, Perkins gains only four months on the limitations clock; his § 2255 motion would still be a year late.