# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2013

Lyle W. Cayce
Clerk

No. 12-40905
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL AGUSTO FELIZ, also known as Rafael Feliz-Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1638-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rafael Agusto Feliz, federal prisoner # 50658-054, pleaded guilty to being illegally present in the country after having been deported and received a 41-month prison term. He did not file a direct appeal, but nearly five months after judgment was entered, he filed a postconviction motion invoking Federal Rule of Civil Procedure 60(b) among other authorities. He sought relief on the basis that he should have received a shorter sentence under the fast track program and because of his cultural assimilation. He also challenged some of the offense-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level enhancements he received, asserted that his rights to equal protection and due process had been violated, and alleged that he received ineffective assistance of counsel.

The district court interpreted Feliz's motion as seeking relief based on Rule 60(b) and explained that the Federal Rules of Civil Procedure were inapplicable to criminal proceedings. Though the court noted that Feliz raised "constitutional questions," it explained that Feliz did "not seek relief pursuant to [28 U.S.C.] § 2255." It denied the motion.

Feliz contends that the district court should have construed his motion as a motion for postconviction relief under § 2255. He also raises arguments challenging his sentence similar to those he raised in the district court.

Courts must liberally construe pleadings filed by pro se litigants, and it is the substance of those pleadings, rather than their labels, that is determinative. *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011). Feliz's motion raised purported sentencing errors and asserted due process, equal protection, and ineffective assistance of counsel claims, claims which are properly presented in a § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (explaining that a pleading challenging errors that occurred at a federal prisoner's trial or sentencing should be construed as a § 2255 motion). Moreover, there are no procedural impediments to construing his motion as arising under § 2255. He filed his motion in the same court that sentenced him and has not filed a previous § 2255 motion. *See* § 2255(a), (h). Finally, any § 2255 motion that Feliz would file now would likely be untimely. *See* § 2255(f).

The district court's judgment is VACATED and the case is REMANDED. On remand, the district court should advise Feliz of its intent to recharacterize the motion as a § 2255 motion, inform him of the consequences that the recharacterization will have on subsequent § 2255 motions, and provide him with an opportunity to withdraw or amend the motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).