# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40201

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JULIO CESAR BERNAL,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 7:11-CR-1384-1

Before JONES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Julio Cesar Bernal appeals the district court's denial of his motion for leave to file an out-of-time appeal. We VACATE and REMAND.

## I.    Background

Bernal was charged in a two-count indictment with: (1) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) ("Count One"); and (2) possession with intent to distribute 100 kilograms or more of marijuana in

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40201

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 ("Count Two"). After Bernal pleaded guilty to Count Two pursuant to a plea agreement, the district court sentenced Bernal to serve the statutory minimum of sixty months of imprisonment followed by four years of supervised release. Judgment was entered on March 23, 2012.

On July 23, 2012, Bernal moved pro se for leave to file an out-of-time appeal and for appointment of counsel. In his motion, Bernal stated, among other things, that he had been trying to file a notice of appeal, that he had not spoken with his attorney and "was alone," and that he had a limited grasp of English and of the law. He acknowledged that he had not complied with Federal Rule of Appellate Procedure 4(b) ("Appellate Rule 4(b)") and requested that the district court treat his motion as a "Belated Appeal, and not a 28 U.S.C[. §] 2255 motion."

After the district court referred the motion to the magistrate judge, the magistrate judge recommended denial of Bernal's request for leave to file an out-of-time appeal, but granted his request for the appointment of counsel. The magistrate judge did not examine whether the motion should be construed as a § 2255 motion, analyzing only the question of timeliness under Appellate Rule 4(b). In this regard, he correctly concluded that the time for Appellate Rule 4(b) motions had passed.

Now represented by counsel, Bernal filed objections to the magistrate judge's report and recommendation, arguing that his motion should be construed as a motion pursuant to 28 U.S.C. § 2255 for an out-of-time appeal based on ineffective assistance of counsel. In the alternative, Bernal asked for an evidentiary hearing. Over Bernal's objection, the district court adopted the report and recommendation of the magistrate judge and denied Bernal's motion for leave to file an out-of-time appeal. Bernal appeals the denial of his motion. The district court's order did not conduct an evidentiary hearing and

No. 13-40201

did not address the § 2255 argument except by stating "after appropriate review of Defendant's objections [to the magistrate's report and recommendations] . . . the conclusions [in that document] should be adopted."

## II.    Discussion

Appellate Rule 4(b)(1)(A) provides that, in a criminal case, a defendant must file a notice of appeal within fourteen days of the entry of the judgment being appealed.  The district court may extend the time to file for thirty days upon a finding of excusable neglect or good cause.  *See* FED. R. APP. P. 4(b)(4). Because these time limits are not statutorily imposed, they are "mandatory, but not jurisdictional" and may be waived.  *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007).

Bernal does not challenge the district court's enforcement of these time limitations.  Indeed, this court may not reverse a district court's decision to do so.  *See United States v. Leijano-Cruz*, 473 F.3d 571, 574 (5th Cir. 2006). Rather, he argues that the district court should have construed his filing as a motion pursuant to 28 U.S.C. § 2255 for an out-of-time appeal based on ineffective assistance of counsel.

A claim of ineffective assistance of counsel for failing to timely file a notice of appeal is properly asserted in a § 2255 motion and the remedy is an out-of-time appeal.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000); *see also United States v. Tapp*, 491 F.3d 263, 265–66 (5th Cir. 2007); *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001) ("Since the 1960s, our court, pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal.").

The Government contends that Bernal waived his right to § 2255 relief by originally requesting that the district court treat his motion as a "Belated Appeal, and not a 28 U.S.C[. §] 2255 motion."  However, the pleadings of pro

No. 13-40201

se litigants should be construed liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "It is the substance of the relief sought by a *pro se* pleading, not the label that the [movant] has attached to it, that determines [its] true nature and operative effect . . . ."  *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011).  In his motion, Bernal advised the district court that he had been trying to file a notice of appeal, but had been unable to consult with his attorney and "was alone."   In his objection to the magistrate judge's report and recommendation, Bernal made it clear that he was seeking relief under 28 U.S.C. § 2255 and that he was asserting that he had been deprived of the effective assistance of counsel in exercising his right to appeal.

We conclude that Bernal's pro se motion should have been liberally construed as a § 2255 motion.  We have previously required a district court to recharacterize as a § 2255 motion a request for an out-of-time appeal that in substance brought an ineffective assistance of counsel claim.  *See United States v. Moron-Solis*, 388 F. App'x 443, 444–45 (5th Cir. 2010) (unpublished); *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (unpublished).[1]  We express no opinion on the merits of Bernal's constitutional claim, such as whether he actually asked counsel to file an appeal or whether counsel failed to consult with his client. *See Flores-Ortega*, 528 U.S. at 477–78.  However, the interests of justice require the district court to give Bernal's claims additional consideration under § 2255. *See Castro v. United States*, 540 U.S. 375, 381–83 (2003).  We therefore remand to the district court for further proceedings consistent herewith.

VACATED and REMANDED.

---

[1] While *Moron-Solis* and *Flores* are not "controlling precedent," they "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).