# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 10, 2015

Lyle W. Cayce
Clerk

No. 15-50304
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVIN LEON ROUNDTREE, also known as Alvin Roundtree, also known as
Alvin L. Roundtree,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-554-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alvin Leon Roundtree, federal prisoner # 20242-380, pleaded guilty to assaulting an officer or employee of the United States with a deadly weapon, and he was sentenced to 240 months of imprisonment. He appeals the district court's denial of his post-judgment motions to compel the Government to specific performance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50304

Roundtree argues that the Government violated the plea agreement by asking the district court to sentence him based on a cross-reference to assault with intent to commit murder and attempted murder, offenses to which he did not plead guilty, instead of the Guideline for aggravated assault, the offense to which he pleaded guilty pursuant to the plea agreement.  Roundtree, however, has not cited, in the district court or this court, any recognized procedural vehicle supporting his motions.  Because Roundtree has not filed a 28 U.S.C. § 2255 motion attacking his conviction and sentence, the district court could not construe his motions as a § 2255 motion without informing Roundtree of its intent to recharacterize his motions as a § 2255 motion, warning Roundtree that such a recharacterization would restrict his ability to file a future § 2255 motion, and giving Roundtree the opportunity to withdraw or amend his motions.  *See Castro v. United States*, 540 U.S. 375, 382-83 (2003).  Furthermore, Roundtree has not shown that he was prejudiced by the district court's failure to construe his motions as a § 2255 motion.  The district court could not construe the motions as a Federal Rule of Criminal Procedure 35 motion because they were neither made by the Government nor made within seven days of sentencing.  *See* FED. R. CRIM. P. 35; *United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994).  Similarly, the district court could not construe the motions as a 18 U.S.C. § 3582(c)(2) motion because they were not based upon an amendment to the Sentencing Guidelines.  *See* § 3582(c)(2); *Early*, 27 F.3d at 142.

This appeal is "from the denial of [] meaningless, unauthorized motion[s]."  *Early*, 27 F.3d at 142.  Accordingly, it is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).