# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40375
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CR-33-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joshua Herrera, federal prisoner # 21059-078, pleaded guilty to committing a felony offense involving a minor under 18 U.S.C. § 2242(b) while being a registered sex offender, in violation of 18 U.S.C. § 2260A. In January of 2014, Herrera was sentenced to 120 months of imprisonment. He did not file a direct appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40375

In December of 2014, Herrera filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), requesting the district court to vacate his conviction and sentence.  The district court denied the motion because Rule 60(b), a rule of civil procedure, is inapplicable in criminal cases. The court stated that it construed Herrera's motion as a motion filed under 28 U.S.C. § 2255 and granted him the opportunity to file a § 2255 motion that would relate back to the filing of his Rule 60(b) motion.  Herrera appeals from the district court's order denying his Rule 60(b) motion.

The district court was correct that Rule 60(b) applies to civil cases, not criminal cases.  *E.g.*, *United States v. Bouldin*, 466 F. App'x 327, 328 (5th Cir. 2012); *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010).  Although Herrera invoked Rule 60(b), it is apparent from the substance of his motion that he is seeking to challenge his conviction on constitutional grounds. Constitutional claims are properly asserted in a § 2255 motion to vacate. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  Pro se litigants are entitled to liberal construction of their pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The district court therefore properly construed Herrera's filing as a § 2255 motion.  *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) (holding, "courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions").

However, when construing a pro se litigant's motion as a § 2255 motion, the court must notify the litigant that it intends to do so, "warn the litigant that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it."  *Castro v. United States*, 540 U.S. 375, 383 (2003). Thus, rather than deny Herrera's motion and allow refiling in proper form, the

2

No. 15-40375

district court should have notified Herrera that it intended to recharacterize his motion and given him an opportunity to withdraw or amend it. *See id.* We therefore vacate the district court's order and remand to the district court for further proceedings consistent with *Castro*.

The Government's motion for summary affirmance is DENIED. The Government's alternative motion for an extension of time to file a brief is also DENIED. Herrera's motion for default judgment is also DENIED.

VACATED and REMANDED; MOTIONS DENIED.