# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41135
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSHUA HERRERA,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CR-33-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joshua Herrera, federal prisoner # 21059-078, pleaded guilty of being a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

registered sex offender and committing a felony offense involving a minor under 18 U.S.C. § 2242(b), in violation of 18 U.S.C. § 2260A. He claims that the district court erred in not applying his Federal Rule of Civil Procedure 60(b) motion as designated because his motion alleges fraud on the court. He contends that the United States erred in prosecuting him by usurping the authority of the state police power in violation of federalism. He asserts that the district court was without subject-matter jurisdiction and that the U.S. Attorney committed fraud on the court by failing to establish such jurisdiction. He avers that this fraud resulted in his coerced plea agreement. He contends that the statute of conviction is unconstitutional on its face and as applied for vagueness. He asks that his conviction and sentence be vacated or, alternatively, that this court vacate and remand the order denying his Rule 60(b) motion and direct the district court to address the issues raised in his motion without construing or converting it to a 28 U.S.C. § 2255 motion.

In Herrera's previous appeal, we determined that the district court was correct that Rule 60(b) applies to civil cases, not criminal cases. We vacated and remanded, concluding that the court should have notified Herrera that it intended to recharacterize his motion as a § 2255 motion and should have given him an opportunity to withdraw or amend it in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003). *United States v. Herrera*, 637 F. App'x 818 (5th Cir. 2016). The district court complied with those instructions.

Herrera persisted in his demand that the district court treat his motion as one under Rule 60(b), and the court again denied his Rule 60(b) motion. The government has filed a motion for summary affirmance, urging that the district court correctly determined that Rule 60(b) does not afford Herrera the relief he seeks and that it properly construed his motion as a § 2255 motion. Given the history of this case, summary affirmance is appropriate, because "there can be

no substantial question as to the outcome." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The government's alternative motions for summary dismissal and for an extension of time to file a brief are DENIED as unnecessary.