# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES HUNTER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-28-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charles Hunter pleaded guilty to one count of aiding and abetting possession with intent to distribute methamphetamine and was sentenced to the statutory maximum sentence of 240 months of imprisonment and a three-year term of supervised release. On appeal, he contends that the district court procedurally erred by applying a two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm, a two-level sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11303

enhancement under § 2D1.1(b)(12) for maintaining a premises for the purpose of distributing methamphetamine, and a four-level sentencing enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader of drug trafficking activity involving five or more participants.

Hunter concedes that our review is for plain error. To prevail, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. Relief under the fourth prong is not "automatic if the other three prongs are met." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc).

At a minimum, Hunter has failed to make an adequate showing as to the fourth prong. He contends that we should exercise our discretion to correct any clear or obvious error which affected his substantial rights because his retained trial counsel rendered ineffective assistance on a number of grounds. However, to credit this argument would first require us to conclude that counsel was ineffective. As a general rule, claims of ineffective assistance are not reviewed on direct appeal where, as here, those claims have not been presented to the district court. *United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998). Absent the ineffective assistance claims, he makes no other argument that he can satisfy the fourth prong of the plain error test. *See United States v. Scroggins*, 599 F.3d 433, 447-48 (5th Cir. 2010) (a party who raises issues but fails to brief them adequately abandons them on appeal).

Accordingly, Hunter has not demonstrated that the district court committed reversible plain procedural error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.

2