# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL EGUIA, also known as Twenty,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-307-11

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Manuel Eguia pled guilty to conspiracy to distribute a controlled substance and was sentenced to 108 months of imprisonment and three years of supervised release.  He argues that his pro se notice of appeal in the instant case should have been construed as a motion to amend his then pending 28 U.S.C. § 2255 motion to raise a claim that his trial counsel was ineffective because he did not file a timely notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11780

The judgment of conviction was entered on August 15, 2016.  Eguia filed a pro se notice of appeal at the earliest on December 8, 2016.  The pleading stated that it was filed in support of his then pending 28 U.S.C. § 2255 motion, requested appointment of counsel, and requested an evidentiary hearing on his claim that his counsel failed to file a notice of appeal due to excusable neglect.  The pleading also stated that it was being filed pursuant to *United States v. Bernal*, 551 F. App'x 177, 179 (5th Cir. 2014), which held that a notice of appeal should have been treated as a Section 2255 motion alleging that trial counsel was ineffective because he failed to file a notice of appeal.

A district court may grant an additional 30 days from the expiration of the 14-day deadline in which to file a notice of appeal upon a showing of excusable neglect or good cause.  FED. R. APP. P. 4(b)(4).  In this case, the 14-day deadline, if extended by 30 days, would have expired on September 28.  Neither Eguia nor the district court took any action related to his appeal until well after this date.  The district court lacked the authority to extend Eguia's time limit for filing a notice of appeal by granting in forma pauperis status.  *See United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984).  Therefore, Rule 4(b)(4) does not aid Eguia.

The time limit for filing a notice of appeal is mandatory but not jurisdictional.  *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007).  To the extent this pleading was a motion to appeal, it was untimely and should have been dismissed.  Despite its untimeliness, Eguia further argues, citing *Bernal*, that the notice of appeal should have been construed as a motion to amend his Section 2255 motion to raise an ineffective assistance of counsel claim.  *See* 551 F. App'x at 179.  We review the district court's implicit denial of leave to amend such a motion for an abuse of discretion.  *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).  "[L]eave to amend is to be granted

liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009).

In *Bernal*, four months after his criminal judgment was entered, the defendant filed a pro se motion for leave to file an out-of-time appeal. 551 F. App'x at 178. In his motion, Bernal stated that he had been trying to file a notice of appeal, but he had not spoken with his attorney. *Id.* He also asked the court to "treat his motion as a 'Belated Appeal, and not a [Section] 2255 motion.'" *Id.* The district court denied the motion as untimely under Federal Rule of Appellate Procedure 4(b) and did not consider whether the motion should be construed as a Section 2255 motion. *Id.* On appeal, we concluded that Bernal's motion should have been construed as a Section 2255 motion alleging that Bernal had been deprived of the effective assistance of counsel in exercising his right to appeal. *Id.* at 179. We vacated and remanded, instructing the district court to evaluate Bernal's claims under Section 2255. *Id.*

Eguia, though, has not shown that the district court abused its discretion by treating his pleading as a notice of appeal rather than a request to amend his pending Section 2255 motion. Unlike in *Bernal*, where there was no pending Section 2255 motion, when Eguia filed the notice of appeal, he also filed objections to the magistrate judge's report in his Section 2255 proceeding. In both his notice of appeal and his objections, he made the same claims of ineffective assistance of counsel, alleging his counsel had not filed a timely notice of appeal. The district court implicitly denied his motion to amend and denied his Section 2255 motion. Because Eguia raised the same ineffective assistance of counsel claim in his objections in the Section 2255 proceeding and in his notice of appeal, it was unnecessary for the district court to construe the

notice of appeal as a motion to amend his Section 2255 motion as that amendment would have been futile. *See Jebaco Inc.*, 587 F.3d at 322. As a result, the district court did not abuse its discretion in declining to construe the notice of appeal as a motion to amend his Section 2255 motion. *See Riascos*, 76 F.3d at 94.

Appeal DISMISSED.