# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2018

Lyle W. Cayce
Clerk

No. 18-10492
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHARLES HUNTER,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-28-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Charles Hunter, federal prisoner # 25618-177, pleaded guilty to aiding and abetting possession with intent to distribute methamphetamine and was sentenced to 240 months of imprisonment and a three-year term of supervised release. We affirmed on direct appeal.[1] Hunter then filed a petition for judicial notice of adjudicative facts, alleging that his prosecution was improper because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *United States v. Hunter*, 694 F. App'x 270, 270–71 (5th Cir. 2017).

the government attorneys involved in his case lacked sufficient written authority for their appointments. The district court construed Hunter's motion as a civil rights complaint, and denied the motion as frivolous and for failure to state a claim under 28 U.S.C. § 1915A. On appeal, Hunter challenges the district court's denial of the motion and its failure to conduct an evidentiary hearing.

"A prisoner's complaint against a governmental entity or an officer or employee of a governmental entity may be dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted."[2] We will affirm the dismissal of a complaint as frivolous "if it lacks an arguable basis in law or fact," reviewing for abuse of discretion.[3] Having reviewed Hunter's pleading and supporting documentation, we agree that Hunter's pleading was frivolous under § 1915A, and that the district court was not required to conduct an evidentiary hearing.[4]

We recognize that a district court must "determine the true nature of a pleading by its substance, not its label."[5] Hunter's pleading indicates a desire to attack the constitutionality of his criminal conviction and sentence, and the primary means of doing so is a motion under 28 U.S.C. § 2255.[6] In similar circumstances, we have sometimes remanded to require a district court to recharacterize a *pro se* pleading as a § 2255 motion.[7] Here, though, Hunter was not prejudiced by the district court's decision to characterize his "petition for

---

[2] *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

[3] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

[4] *See Wyatt v. Thaler*, 405 F. App'x 846, 848 (5th Cir. 2010) (per curiam) (citing *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994)).

[5] *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005).

[6] *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam).

[7] *See United States v. Ancelmo*, No. 18-10094, 2018 WL 4030736, at *1 (5th Cir. Aug. 22, 2018) (per curiam); *United States v. Bernal*, 551 F. App'x 177, 179 (5th Cir. 2014) (per curiam); *United States v. Feliz*, 537 F. App'x 406, 406–07 (5th Cir. 2013) (per curiam); *United States v. Flores*, 380 F. App'x 371, 371–72 (5th Cir. 2010) (per curiam).

judicial notice" as a civil rights complaint rather than a § 2255 motion.[8] The district court concluded that Hunter's legal claims lacked arguable basis in law or fact, and we agree, regardless of how Hunter's pleading was characterized.

We affirm the decision of the district court.

---

[8] *Cf. United States v. Roundtree*, 624 F. App'x 220, 221 (5th Cir. 2015) (per curiam) (concluding that a prisoner "ha[d] not shown that he was prejudiced by the district court's failure to construe his motions as a § 2255 motion").