# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-20481
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Gonzalez,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-453-1

————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

The attorney appointed to represent Jorge Gonzalez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20481

Gonzalez has moved for leave to file an out-of-time response. The motion is GRANTED. We have construed the motion as his response.

In his pro se notice of appeal, Gonzalez complained that counsel had rendered ineffective assistance in failing to file a timely notice of appeal. This court has "previously required a district court to recharacterize as a [28 U.S.C.] § 2255 motion a request for an out-of-time appeal that in substance brought an ineffective assistance of counsel claim." *United States v. Bernal*, 551 F. App'x 177, 179 (5th Cir. 2014) (citing *United States v. Moron-Solis*, 388 F. App'x 443, 444-45 (5th Cir. 2010), and *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010)).[1] We hold that the district court should have construed the notice of appeal as a § 2255 motion requesting an out-of-time appeal due to ineffective assistance of counsel. *See Moron-Solis*, 388 F. App'x at 444. The § 2255 motion was timely because it was filed within the limitation period. *See id.*; *see also* § 2255(f).

"[T]he interests of justice require that the district court give [Gonzalez's] claims additional consideration." *Moron-Solis*, 388 F. App'x at 444. Gonzalez should be given "appropriate notice that his motion for an out-of-time appeal will be recharacterized as a § 2255 motion, warn[ed] that any subsequent § 2255 motion will be subject to second or successive restrictions, and provide[d with] an opportunity to withdraw or amend the motion to include all of his claims." *Id.*; *see Castro v. United States*, 540 U.S. 375, 381-83 (2003). We express no opinion as to the merits of Gonzalez's claims or whether he actually requested that counsel file an appeal.

_____

[1] Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, but they "may be persuasive authority," *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

No. 22-20481

Counsel's motion to withdraw is DENIED AS MOOT, and counsel is relieved of further responsibilities in this appeal. The matter is REMANDED FOR FURTHER PROCEEDINGS.