**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff–Appellee,

        v.

JORGE ARMANDO GONZALEZ-
BUENO,

        Defendant–Appellant.

No. 12-6204

(D.C. No. 5:09-CR-00152-D-1)

(W.D. Okla. )

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Jorge Armando Gonzalez-Bueno, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for relief from judgment brought under Rule 60(b) of the Federal Rules of Civil Procedure. In June 2009, Defendant pled guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). He was sentenced to sixty months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment in November 2009. He did not file a direct appeal, and his conviction became final on December 2, 2009.

More than two years later, Defendant filed a motion for relief from judgment under Rule 60(b). In his motion, Defendant challenged his sentence based on a sentencing disparity between comparable illegal reentry cases prosecuted in different judicial districts due to the availability of "fast track" programs only in certain districts. He further alleged the district court, his counsel, and the government failed to consider his cultural assimilation to the United States as a relevant factor warranting a downward departure, as contemplated by Amendment 740 to the United States Sentencing Guidelines.[1] Defendant asserted this failure and the failure to address the "fast track" disparity constitute ineffective assistance of counsel.

The district court denied Defendant's motion on the basis that Rule 60(b) is inapplicable in his criminal case. It further declined to construe Defendant's motion as a § 2255 petition because any such petition would be untimely given that Defendant's conviction became final two-and-a-half years before Defendant filed his Rule 60(b) motion.

We agree with the district court that Rule 60(b) of the Federal Rules of Civil Procedure provides no basis for Defendant's requested relief. It is well-settled that "Rule 60(b) does not apply to a criminal proceeding." *United States v. Ramirez*, 211 F. App'x

---

[1] Amendment 740 did not become effective until November 1, 2010—nearly one year after Defendant was sentenced. U.S.S.G. app. C, vol. III at 352.

712, 714 (10th Cir. 2007). Accordingly, the district court did not err in denying Defendant's motion. Nor did it abuse its discretion in declining to construe Defendant's motion as a post-conviction petition to vacate under 28 U.S.C. § 2255. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (applying abuse of discretion standard to similar ruling). More specifically, we agree with the district court that a § 2255 petition filed by Defendant would be untimely.

For the foregoing reasons, the district court's order is **AFFIRMED**. Defendant's motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge