# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41334
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR CARDENAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-512-1
USDC No. 1:13-CR-171-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Julio Cesar Cardenas appeals the sentence imposed following his jury trial conviction for (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, (2) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, (3) operating an unlicensed money transmitting business, (4) two counts of possession of less

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than 50 kilograms of marijuana with intent to distribute, (5) two counts of possession of five kilograms or more of cocaine with intent to distribute, (6) five counts of possession of 100 kilograms or more of marijuana with intent to distribute, (7) four counts of possession of 50 kilograms or more of marijuana with intent to distribute, and (8) possession of a firearm by a convicted felon. The district court sentenced Cardenas to a mandatory life sentence based on his three prior felony drug convictions.

For the first time on appeal, Cardenas raises four issues: (1) violation of his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), by raising his statutory minimum sentence based on prior convictions that were not charged in the indictment or proven to the jury beyond a reasonable doubt; (2)  wrongly treating his three related prior felony drug convictions as separate convictions instead of as a single conviction; (3) violation of *Alleyne* by increasing his guidelines sentence range based on facts not found by a jury beyond a reasonable doubt; and (4) violation of the Eighth Amendment by imposing sentences that were grossly disproportionate to his crimes.  As Cardenas did not raise these issues in the district court, we review for plain error only.  *See United States v. Salazar*, 542 F.3d 139, 147 (5th Cir. 2008).  To establish plain error, Cardenas must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error, but we should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

As Cardenas concedes, his *Apprendi* and *Alleyne* argument, his second *Alleyne* argument, and his Eighth Amendment argument are foreclosed.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998); *Harmelin v.*

No. 13-41334

*Michigan*, 501 U.S. 957, 961, 994-96 (1991); *Rummel v. Estelle*, 445 U.S. 263, 284-85 (1980); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2875 (2014).  Cardenas's prior felony drug convictions were for offenses that were committed sequentially, not simultaneously, so the district court did not commit error, plain or otherwise, by treating them as separate convictions. *See United States v. Barr*, 130 F.3d 711, 712 (5th Cir. 1997).  Cardenas urges us not to follow *Barr* and adopt the precedent of other circuits, but we may not overrule the holding in *Barr* absent an intervening statutory change, Supreme Court decision, or en banc decision of this court.  *See Jacobs v. Nat'l Drug Intelligence Ctr.*,  548 F.3d 375, 378 (5th Cir. 2008).

AFFIRMED.