# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10710

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RONALD HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-72-1

Before SOUTHWICK and COSTA, Circuit Judges, and OZERDEN\*, District Judge.

PER CURIAM:\*\*

In 2009, Ronald Hernandez was convicted of drug trafficking crimes. In 2014, the Sentencing Guidelines were amended to reduce the Base Offense Level for many drug crimes. In light of the recent Guidelines amendment,

---

\* District Judge of the Southern District of Mississippi, sitting by designation.

\*\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-10710

Hernandez moved for a reduction in sentence. The district court denied his motion and Hernandez appealed. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Ronald Hernandez on three counts: possession with intent to distribute 50 grams or more of methamphetamine (Count 1), manufacture and possession with intent to distribute 100 or more marijuana plants (Count 2), and possession of a firearm in furtherance of a drug trafficking crime (Count 3). Applying the 2008 Sentencing Guidelines, the Presentence Report ("PSR") grouped the controlled-substances offenses (Counts 1 and 2) and separately assessed the possession-of-a-firearm offense (Count 3).

On the controlled-substances offenses, the PSR concluded Hernandez was "accountable for 10,482.66 kilograms of marijuana" and assigned a Base Offense Level of 34, relying on the Guidelines' Drug Quantity Table. The PSR recommended no adjustments. Hernandez's Total Offense Level of 34, combined with his Criminal History Category of III, yielded a Guidelines range of 188 to 235 months' imprisonment. On the possession-of-a-firearm offense, the PSR recommended a 60-month term of imprisonment, the mandatory minimum sentence.

At sentencing, the district court adopted the PSR's findings of fact and conclusions. The PSR had determined that Hernandez's Total Offense Level for Counts 1 and 2 was 34, and his Criminal History Category was III. Those determinations led to a Guidelines range of 188 to 235 months' imprisonment. Further, the Guidelines sentence for Count 3 was 60 months' imprisonment. The court, after adopting the PSR, applied an upward departure to account for Hernandez's "significant other criminal conduct" and "reckless endangerment behavior" that was not adequately represented in the Guidelines range. *See*

2

No. 15-10710

18 U.S.C. § 3553(a).  The district court imposed 345 months' imprisonment for Counts 1 and 2 and 60 months for Count 3, for a total sentence of 405 months' imprisonment.  We affirmed Hernandez's sentence and conviction.  *United States v. Hernandez*, 422 F. App'x 386 (5th Cir. 2011).

In 2014, the Sentencing Guidelines were amended to lower the Base Offense Level for many drug offenses.  Hernandez subsequently filed a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2).  Hernandez argued his recommended Guidelines range would be lower under the amended Guidelines and thus he was eligible for a sentence reduction.  The district court denied Hernandez's motion.  Hernandez timely appealed.

## DISCUSSION

Hernandez contends the district court erred by holding him ineligible for a sentence reduction.  We review a district court's denial of a Section 3582(c)(2) motion for abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  We review the district court's "interpretation of the Guidelines *de novo*, and its findings of fact for clear error." *Id.*  "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.*

A district court may reduce a sentence when it is for "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c)(2).  Hernandez sought a reduction in his sentence based on Amendment 782 to the Sentencing Guidelines.  Amendment 782 reduced by two levels the Base Offense Level assigned a defendant by the Guidelines' Drug Quantity Table in Section 2D1.1. *See* U.S.S.G. App. C., Amend. 782; *see also* U.S.S.G. App. C., Amend. 788 (making Amendment 782 retroactive).

3

No. 15-10710

A district court's consideration of a Section 3582(c)(2) motion requires a two-part inquiry. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, a court must "follow the instructions in U.S.S.G. § 1B1.10 to determine whether the prisoner is eligible for a sentence modification and the extent of the reduction authorized." *Henderson*, 636 F.3d at 717. Next, a court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [§ 1B1.10] is warranted in whole or in part under the particular circumstances of the case." *Id.* (footnote omitted) (quoting *Dillon*, 560 U.S. at 827).

In denying Hernandez's motion for a reduction in sentence, the district court explained: "Because the Court departed upward from the advisory guideline range, defendant Hernandez is not eligible for a sentence reduction." Hernandez argues he was erroneously deemed ineligible merely because his initial sentence reflected an upward departure from the advisory guideline range. We need not address that issue because, even assuming the district court erred, any error was harmless. "Not all errors in determining a defendant's guideline sentence require reversal." *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008).

As the party defending Hernandez's sentence, the Government has the burden to demonstrate the district court's supposed error was harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992). Where a district court has "misapplied the guidelines, then we must remand for resentencing unless 'it is clear . . . that the district court would have imposed the same sentence . . . .'" *United States v. Garcia*, 655 F.3d 426, 432 (5th Cir. 2011) (quoting *United States v. Davis*, 316 F. App'x 328, 332 (5th Cir. 2009)).

For Hernandez's controlled-substances offenses, the PSR and district court both mistakenly assigned a Base Offense Level of 34. In fact, as the Government correctly states in its Response brief, Hernandez's Base Offense

Level should have been 36. Hernandez was found accountable for 10,482.66 kilograms of marijuana. The 2008 Sentencing Guidelines' Drug Quantity Table states that, for crimes involving between 10,000 and 30,000 kilograms of marijuana, the applicable Base Offense Level is 36. 2008 U.S.S.G. § 2D1.1(c)(2).

If the district court had correctly assigned Hernandez a Base Offense Level of 36, it would have been reduced to 34 by Amendment 782. In that scenario, Amendment 782 would have had the effect of lowering Hernandez's applicable guideline range, and thus he arguably would have been eligible for a reduction under Section 3582(c)(2).

Here, however, the district court erroneously calculated Hernandez's Base Offense Level to be 34, essentially applying the same two-level reduction Hernandez now requests under Amendment 782. Stated another way, Hernandez seeks a remedy he has already received. Having been found accountable for between 10,000 and 30,000 kilograms of marijuana, even under Amendment 782, Hernandez would receive a Base Offense Level of 34, the same Base Offense Level he was assigned at initial sentencing.

Accordingly, even if the district court erroneously held Hernandez ineligible for a reduction in sentence, it is clear the district court would have imposed the same sentence. Any error was harmless.

AFFIRMED.