# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2019

Lyle W. Cayce
Clerk

No. 18-10276

UNITED STATES OF AMERICA,

> Plaintiff–Appellee,

versus

RICHARD LUKE ELAM,

> Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

After failing to appeal either his conviction or sentence, Richard Elam moved for a special discovery hearing concerning the adequacy of trial counsel's representation. The district court denied the request and declined to recharacterize the discovery motion as a 28 U.S.C. § 2255 motion. Because the court erred in failing to recharacterize, we vacate and remand.

I.

In March 2016, Elam agreed to plead guilty of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of

21 U.S.C. § 846 (2012). As part of the agreement, Elam consented to an appeal waiver but expressly reserved the right to challenge the voluntariness of the guilty plea and to bring a claim for ineffective assistance of counsel ("IAC"). The district court entered judgment on July 29, 2016. Because Elam did not directly appeal his conviction or sentence, the judgment became final on August 12, 2016 under Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *See United States v. Plascencia*, 537 F.3d 385, 388–90 (5th Cir. 2008).

On July 10, 2017, Elam filed in the district court[1] a motion titled "Defendant's Motion Requesting SPECIAL DISCOVERY HEARING to Determine if Level of Court-Appointed Representation was ADEQUATE, Pursuant to the Criminal Justice Act (18 USC § 3006A)." In the motion, Elam maintained that counsel had violated his constitutional right to effective assistance. He requested that the district court order a hearing concerning whether he had received adequate representation. He also asserted that his guilty plea was given under duress and contended that counsel coerced the plea. He emphasized that counsel provides inadequate representation when he, *inter alia*, neglects to (1) file motions, (2) investigate possible defenses, (3) hire experts and investigators, (4) develop witness testimony, or (5) subpoena evidence. In addition, Elam included a request for the appointment of counsel "for the express purpose of filing all necessary motions/appeals" related to his IAC claim.

The district court denied the motion, concluding that Elam had failed to establish that the case's legal or factual complexity necessitated appointment of counsel for the adequate investigation and presentation of his claim. The

---

[1] "[A] pro se prisoner's habeas petition is filed . . . when he delivers the papers to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam).

court stressed that "a defendant is not entitled to go on a fishing expedition prior to filing a [28 U.S.C.] § 2255 motion."

On October 16, 2017, Elam moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  He contended that the district court erred in denying his motion for a discovery hearing by failing to construe it as a § 2255 motion.  Elam urged that *pro se* filings should be liberally construed, citing precedent from this court and others, and reiterated his intent to bring an IAC claim.  Ultimately, he requested that the court vacate its order denying his special-discovery motion and recharacterize it as a § 2255 motion.  Elam also asked that the court grant leave to amend the motion.

In a later order, the district court expressly declined to construe the discovery motion as a § 2255 motion, noting that Elam had "attempted to first secure the appointment of counsel and discovery to investigate whether a possible ineffective assistance of counsel claim may exist" even though he "could have certainly filed a motion under § 2255."  Nonetheless, "to prevent the loss of [Elam's] rights to pursue an [IAC] claim under § 2255," the court reclassified Elam's Rule 59(e) motion and directed him to file an amended § 2255 motion within thirty days.  The court also instructed Elam to answer each question on a § 2255 form approved for use in the Northern District of Texas.

Elam filed an amended § 2255 motion and a memorandum in support.  He cited two grounds for relief: (1) an IAC claim and (2) a claim that his guilty plea was invalid because it was coerced by counsel.  Elam responded "N/A" to the question on the § 2255 form related to the timeliness of the motion.

The district court denied the amended motion, reiterating that by filing a discovery request, Elam "understood he was *not* filing a § 2255 motion."  The court emphasized that "[t]he law does not allow Movant to engage in a fishing expedition for evidence before filing a § 2255 motion, nor does it allow him to

No. 18-10276

toll the one-year statute of limitations for filing a § 2255 motion simply because he requested an attorney to research possible claims." Ultimately, the court construed the date Elam filed his Rule 59(e) motion as the filing date of the habeas petition but determined that the motion was barred by the relevant statute of limitations, 28 U.S.C. § 2255(f)(1), because the motion was filed on October 16, 2017, more than one year after Elam's judgment of conviction had become final on August 12, 2016. Elam appeals.

## II.

A habeas petitioner in federal custody is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). As relevant here, limitations runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1).

"Dismissal of a *first* federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996). Consequently, a court will sometimes recharacterize a motion filed by a *pro se* prisoner as a request for habeas relief under § 2255 even though the motion is labeled differently. *Castro v. United States*, 540 U.S. 375, 377 (2003).

"[P]ro se habeas petitions are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (per curiam) (internal quotation marks and citation omitted); *see also United States v. Torres*, 163 F.3d 909, 910 n.5 (5th Cir. 1999). Ultimately, "[i]t is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *Hernandez,* 630 F.3d at 426–27. Nonetheless, a court may not

recharacterize a *pro se* litigant's motion as the litigant's first

No. 18-10276

§ 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

*Castro*, 540 U.S. at 377.

## III.

The decision to recharacterize a motion is discretionary. *See United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). We therefore review for abuse of discretion the decision not to construe Elam's special-discovery motion as a § 2255 petition. *See United States v. Gonzalez-Bueno*, 510 F. App'x 718, 719 (10th Cir. 2013); *cf. United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005) (internal quotation marks and citation omitted).

## A.

Elam asserts that "[t]he district court erred and abused its discretion by denying [his] § 2255 [m]otion as time-barred." He contends that by refusing to recharacterize his special-discovery motion as a § 2255 motion, the court prevented him from pursuing habeas relief on his IAC claim because any future motion he files would be barred by § 2255(f)'s limitations. Elam also emphasizes that *pro se* litigants are entitled to have their filings liberally construed. Consequently, he asserts that his discovery motion should be recharacterized as a § 2255 motion so that the court can rule on its merits.[2]

---

[2] The government chose not to participate in this case. *See* Letter from Wes Hendrix, Assistant U.S. Attorney, U.S. Dep't of Justice, to Lyle Cayce, Clerk, U.S. Court of Appeals for the Fifth Circuit (Oct. 1, 2018).

No. 18-10276

B.

The district court abused its discretion in declining to recharacterize Elam's special-discovery motion as a § 2255 motion because it failed to construe the motion liberally and denied him the protections of the Great Writ. "[W]e have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (per curiam) (citation omitted).[3] Elam's discovery motion, "although inartfully drafted, stated enough that it should have been liberally construed as a § 2255 motion." *Flores*, 380 F. App'x at 372. Elam asserted that his constitutional right to effective assistance of counsel had been violated, resulting in a deprivation of his liberty. He underscored that the district court is responsible for ensuring that counsel's representation is adequate, and he implicitly stated seven bases for his IAC claim. He also challenged his conviction, maintained that his guilty plea was entered under duress, and averred that counsel coerced his guilty plea. Liberally construed, that is enough to qualify Elam's motion as a § 2255 motion.

"[T]he interests of justice require the district court to further consider the matter . . . ." *Id.* On remand, the court should give Elam notice that his special-discovery motion is being construed as a § 2255 motion and should allow a reasonable opportunity to amend or withdraw it. *See Castro*, 540 U.S. at 377, 383. The judgment is VACATED and REMANDED. We express no view on the ultimate merits, and we place no limitation on what decisions the district court should make.

---

[3] *See also*, *e.g.*, *Castro*, 540 U.S. at 381–82 (collecting cases); *United States v. Bernal*, 551 F. App'x 177, 179 (5th Cir. 2014) (per curiam) (construing a motion for leave to file an out-of-time appeal as a § 2255 motion); *United States v. Feliz*, 537 F. App'x 406, 407 (5th Cir. 2013) (per curiam) (recharacterizing a Federal Rule of Civil Procedure 60(b) motion as a § 2255 motion); *United States v. Moron-Solis*, 388 F. App'x 443, 444–45 (5th Cir. 2010) (per curiam).