# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2021

Lyle W. Cayce
Clerk

No. 18-40790

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Cesar Cardenas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-cv-00306

Before Jolly, Duncan, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

The question presented is whether Julio Cardenas timely filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court held the motion was time-barred by the one-year limitations period in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We affirm.

I.

The Government charged Julio Cardenas with various firearms and controlled-substance offenses. A jury found Cardenas guilty on all charges. The district court sentenced him to life imprisonment.

No. 18-40790

Cardenas appealed. We affirmed. *See United States v. Cardenas*, 606 F. App'x 246, 247 (5th Cir. 2015) (per curiam). The Supreme Court denied certiorari on October 19, 2015, *see Cardenas v. United States*, 577 U.S. 945 (2015) (mem.), then denied rehearing on December 7, 2015, *see* 577 U.S. 1045 (2015) (mem.).

Cardenas (through counsel) then sought post-conviction relief. On December 4, 2016, he filed a motion under 28 U.S.C. § 2255(a) seeking to vacate his conviction and sentence. Cardenas raised two arguments. First, he argued that the prosecuting attorney in his case had a conflict of interest. According to Cardenas, "[t]he Supreme Court's decision in *Young* [*v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987),] categorically forbids an interested person from controlling the defendant's prosecution." Second, Cardenas argued his counsel was ineffective for failing to object to the conflict of interest.

The Government moved to dismiss. It argued Cardenas's motion failed to comply with AEDPA's one-year limitations period, set forth in 28 U.S.C. § 2255(f). Specifically, the Government noted Cardenas's conviction became final on October 19, 2015, the day the Supreme Court denied his petition for writ of certiorari. The one-year limitations period of 28 U.S.C. § 2255 thus expired on October 18, 2016. And Cardenas filed his motion for relief under § 2255 on December 4, 2016, roughly 46 days after the limitations period expired. The Government further argued there was no basis to equitably toll the limitations period, and alternatively, that Cardenas's motion did not warrant relief on the merits.

Several months later, Cardenas's post-conviction counsel (William Mallory Kent) filed a motion to withdraw and took responsibility for the untimely filing. Kent had erroneously believed that a petition for rehearing on denial of certiorari tolled the statute of limitations. According to Kent,

No. 18-40790

"Mr. Cardenas was concerned that we had missed the deadline and I assured him we had not." Because of his mistake, and the failing health of his wife, Kent asked the court for leave to withdraw. A magistrate judge granted the motion.

Cardenas (through new counsel) filed a response to the Government's motion to dismiss. He argued equitable tolling should apply to his § 2255 motion because Kent intentionally misled him regarding the limitations period. In the alternative, Cardenas argued the district court should recharacterize at least one of his earlier *pro se* filings as a timely § 2255 motion.

The magistrate judge issued a report and recommendation that Cardenas's motion be dismissed as untimely, or alternatively, denied as meritless. Cardenas submitted objections to the report. The district court concluded the § 2255 motion was untimely and Cardenas was not entitled to equitable tolling or recharacterization of his *pro se* filings. Cardenas appealed.

## II.

It's undisputed that Cardenas's § 2255 motion is untimely. The only question is whether he's entitled to equitable tolling or recharacterization of his *pro se* filings. We review the district court's determinations for abuse of discretion. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (equitable tolling); *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (recharacterization). Under that standard, we review factual findings for clear error and legal conclusions *de novo. United States v. Lipscomb*, 299 F.3d 303, 338–39 (5th Cir. 2002).

## A.

AEDPA's statute of limitations may be equitably tolled. *See Holland v. Florida*, 560 U.S. 631 (2010). A prisoner "is entitled to equitable tolling

only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation omitted). As a general matter, equitable tolling is warranted only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also United States v. Patterson*, 211 F.3d 927, 931–32 (5th Cir. 2020) (per curiam); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

Cardenas says he's entitled to equitable tolling because his attorney erred in calculating the AEDPA limitations period. That argument is squarely foreclosed by our precedent: "[A]n attorney's error or neglect does not warrant equitable tolling." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). That's because an "attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent." *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012) (quotation omitted).

Cardenas tries to avoid this result by arguing that his attorney intentionally deceived him. *See Wynn*, 292 F.3d at 230. But this case is a far cry from *Wynn*. Wynn's counsel falsely claimed to have "filed [a] § 2255 motion and that a copy of the motion would be forwarded to petitioner." *Id.* at 228. After the clerk's office told Wynn that no motion had been filed, his attorney again lied and claimed to have "filed the habeas corpus petition directly" with the sentencing court. *Id.* at 228–29. We agreed that "Wynn's allegation that he was deceived by his attorney . . . present[ed] a 'rare and extraordinary circumstance' beyond petitioner's control." *Id.* at 230. Even then, the case presented "a close question as to whether Wynn was put on notice to make further inquiry despite the representations made by his attorney." *Ibid.* We therefore remanded for further factual findings as to "the reasonableness of Wynn's reliance of his attorney's representations and advice." *Ibid.*

Compare that case to *Riggs*. There, a federal prisoner sought to challenge his conviction under 18 U.S.C. § 924(c) for using a firearm during a drug-trafficking crime. 314 F.3d at 797. Post-conviction counsel erroneously "told him that the [AEDPA] limitations period did not expire until Riggs began to serve the § 924(c) sentence." *Id.* at 798. Following that advice, Riggs did not file a § 2255 motion until nearly five years after the limitations period had expired. *Ibid.* Noting there was no evidence counsel "intentionally deceived Riggs about the statute of limitations," we held Riggs's allegations did "not warrant equitable tolling of the statute of limitations." *Id.* at 799–800.

This case is squarely controlled by *Riggs*. The record shows that Cardenas's counsel, Mr. Kent, simply messed up: "Mr. Cardenas was concerned that we had missed the deadline and I assured him we had not. I had no doubt in my mind at that time that the deadline was on the one-year anniversary of the denial of rehearing by the Supreme Court." Kent further explained: "[A] petition for rehearing on a denial of certiorari on direct appeal does not toll the AEDPA time limit. All I can say in my defense is the concept is so counter intuitive [sic] that it did not even occur to me to check or research the question." Ignorant? Yes. Intentionally deceptive? No. This is precisely the kind of case that does not warrant equitable tolling under *Riggs*.

The district court therefore did not err, much less abuse its discretion, in declining to equitably toll AEDPA's statute of limitations.

## B.

The next question is whether Cardenas made *pro se* filings that should have been recharacterized—either individually or together—as a timely § 2255 motion.

No. 18-40790

Generally, "*pro se* habeas petitions are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (per curiam) (quotation omitted). When reviewing a *pro se* litigant's filings, "[i]t is the substance of the relief sought by . . . [the] pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of [the] habeas filing." *Id.* at 426–27. To that end, this court has liberally construed *pro se* filings as initial § 2255 motions under certain circumstances. *See, e.g.*, *Elam*, 930 F.3d at 410; *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983); *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (per curiam); *United States v. Moron-Solis*, 388 F. App'x 443, 444 (5th Cir. 2010) (per curiam).

Cardenas argues that at least one of his *pro se* filings in the district court should have been recharacterized as a timely § 2255 motion under these standards. He says he raised the very issue argued in his § 2255 motion—the apparent conflict of interest with the prosecuting attorney in his case—multiple times before his one-year statutory deadline. He further argues that he submitted multiple requests for appointment of counsel and relief under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).

There are two fundamental defects with Cardenas's argument. First, the "substance of the relief" sought in most of the *pro se* filings was not *habeas* relief—that is, Cardenas did not challenge his custody by seeking vacatur of his conviction or sentence.[*] *Hernandez*, 630 F.3d at 426. In one of the filings,

---

[*] Section 2255 is, of course, a statutory *substitute* for habeas corpus. *See United States v. Hayman*, 342 U.S. 205, 219 (1952). But the *sine qua non* in habeas and § 2255 proceedings is the same: The prisoner must allege that his custody is unlawful. *See, e.g.*, *Ex parte Milligan*, 71 U.S. (4 Wall.) 2, 131 (1866) ("If the military trial of Milligan was contrary to law, then he was entitled, on the facts stated in his petition, to be discharged from

Cardenas merely sought a status update on his compassionate-release motion, *see* 18 U.S.C. § 3582(c)(2), and asked the court to grant him leave to file a *pro se* appeal if that motion was denied. In another, Cardenas asked the court for a number of documents related to his case.

Those requests stand in stark contrast to filings we've previously recharacterized. Consider, for example, our decision in *Elam*. There, the § 2255 movant filed a "Motion Requesting SPECIAL DISCOVERY HEARING," in which he "asserted that his constitutional right to effective assistance of counsel had been violated, resulting in a deprivation of his liberty." 930 F.3d at 408, 410. He also "stated seven bases for [that] claim[,] . . . challenged his conviction, maintained that his guilty plea was entered under duress, and averred that counsel coerced his guilty plea." *Id.* at 410. That radically differs from asking a court to provide a status update or to produce documents.

Second, Cardenas's filings that *do* seek relief from his sentence assert an entirely different basis for relief from the one asserted here. In his motion for appointment of counsel, Cardenas argued his sentence violated *Johnson* because the district court treated his prior attempted-murder conviction as a predicate "crime of violence" for the § 4B1.2 career-offender enhancement. Even if we recharacterized that filing as a § 2255 motion, it would not help Cardenas. That's because Cardenas would still have to show his current § 2255 motion is an amendment that "relates back" to the original filing. *See* Fed. R. Civ. P. 15(c); *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (per curiam) (explaining that an amendment does not relate back if it "assert[s] a new ground for relief supported by facts that differ in both

custody . . . ."); *Hayman*, 342 U.S. at 223 n.40 (noting § 2255 creates statutory "procedures providing the same relief" as the common-law writ of habeas corpus).

time and type from those the original pleading set forth" (quotation omitted)). Obviously, the old *Johnson*-based claim asserts a different "ground for relief" from the new conflict-of-interest claim. *Cf. Brannigan v. United States*, 249 F.3d 584, 588 (7th Cir. 2001) (holding the word "claim" in AEDPA means "a challenge to a particular *step* in the case, such as the introduction of a given piece of evidence, the text of a given jury instruction, or the performance of counsel").

Cardenas says that shouldn't matter because the district court should've (1) recharacterized his *Johnson* motion as a § 2255 motion; (2) given Cardenas notice of that recharacterization under *Castro v. United States*, 540 U.S. 375, 383 (2003); and then (3) allowed Cardenas to add whatever other claims he might've wanted to add under *Elam*. This misreads both *Castro* and *Elam*.

Start with *Castro*. That case stands for the proposition that when a district court recharacterizes a *pro se* litigant's motion it must provide him with certain procedural opportunities:

> [T]he district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383. *Castro* thus prevents district courts from enforcing AEDPA's limitations on second-or-successive § 2255 motions against *pro se* litigants who think they are filing their first § 2255 motion. *See ibid.* (explaining that if a district court does not comply with the above-mentioned procedure, "the [first] motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions [AEDPA's] 'second or

successive' restrictions"). *Castro* does *not* purport to create a remedy for situations in which a district court failed to recharacterize a *pro se* litigant's filings. *Castro* is thus a shield, not an appellate sword.

Taken out of context, our decision in *Elam* could be read to suggest otherwise. There, we held it was an abuse of discretion not to recharacterize a *pro se* prisoner's filing as a timely § 2255 motion. 930 F.3d at 410. We directed the district court on remand to "give Elam notice that his special-discovery motion is being construed as a § 2255 motion and . . . allow a reasonable opportunity to amend or withdraw it." *Ibid.* (citing *Castro*, 540 U.S. at 377, 383). Cardenas takes that quote to mean the *Castro* procedure is required *every time* a district court should have recharacterized a *pro se* filing, and that a litigant may amend his recharacterized pleading to assert *any claim*.

But that can't be what *Elam* meant because such a broad reading would overrule our precedents governing Rule 15(c)'s "relation-back" standard in § 2255 cases. *See Gonzalez*, 592 F.3d at 679; Fᴇᴅ. R. Cɪv. P. 15(c). Under Cardenas's distorted reading of *Elam* and *Castro*, a § 2255 movant could violate AEDPA's limitations period, look back with the benefit of hindsight to find *something* that might be recharacterized as a § 2255 motion, and then use that recharacterized motion to shoehorn all sorts of brand new (and otherwise time-barred) claims into the § 2255 litigation—including claims that "assert a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Gonzalez*, 592 F.3d at 679 (quotation omitted). That would be quite a bonanza, and it would conflict with both AEDPA's limitations period and *Gonzalez*.

We decline Cardenas's invitation to rewrite *Gonzalez*. Instead, we see *Gonzalez* and *Elam* as entirely consistent: When a district court recharacterizes a filing as a § 2255 motion, the movant must have the

No. 18-40790

opportunity to amend his now-recharacterized motion (*Elam*) to include any claims that relate back to the original pleading under Rule 15(c) (*Gonzalez*). Cardenas is not entitled to recharacterization of anything. And even if he were entitled to have his *pro se Johnson* motion recharacterized as a § 2255 motion, his current arguments alleging prosecutorial conflict of interest do not relate back to his *Johnson* filing under Rule 15(c).

AFFIRMED.