# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2024

Lyle W. Cayce
Clerk

No. 19-40425
CONSOLIDATED WITH
No. 21-40543

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Cesar Cardenas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-512-1

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Defendant Julio Cesar Cardenas seeks a reduction of his sentence for "extraordinary and compelling reasons" and because of an amendment to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40425
c/w No. 21-40543

the United States Sentencing Guidelines.  The district court denied his request for a reduction in his sentence on both grounds.  We AFFIRM.

## I. Background

On May 31, 2013, a jury convicted Julio Cesar Cardenas of charges related to drug trafficking and conspiracy.  For three of the counts under which the jury convicted Cardenas, the district court sentenced him pursuant to 21 U.S.C. § 841(b)(1)(A).  Because Cardenas had prior felony drug convictions under Texas law, Cardenas received mandatory life sentences for his convictions under these three counts.  Cardenas was also convicted under six other counts.  The district court sentenced Cardenas for these counts under § 841(b)(1)(B).  Unlike the three § 841(b)(1)(A) counts, these six counts did not carry mandatory life sentences.[1]

Cardenas moved for release pursuant to 18 U.S.C. § 3582(c)(1).  In this motion, Cardenas contended that "extraordinary and compelling reasons" warranted a sentencing reduction because the First Step Act amended § 841(b)(1)(A), reducing the mandatory term of imprisonment for a defendant with two prior serious drug felony convictions from life to 25 years.[2]  The district court denied this motion and Cardenas's motion to reconsider.

Separately, the district court had previously issued an order stating that it was considering, on its own motion, a reduction of Cardenas's sentence pursuant to 18 U.S.C. § 3582(c)(2).  The district court did so to

---

[1] In total, Cardenas was convicted under sixteen counts.  The seven other counts not mentioned in this paragraph are of no relevance to the disposition of this appeal.

[2] Cardenas also argued he was entitled to release because "his chronic gastrointestinal disease, hypertension, cyst-tumor and chronic sinus problem place[d] him in the crossfire of Covid-19."  On appeal, Cardenas does not argue that COVID-19 is an additional reason for granting his motion for release for "extraordinary and compelling reasons."

2

evaluate whether Amendment 782 to the Sentencing Guidelines warranted a reduction in Cardenas's sentence . In his response and objection to the addendum to the pre-sentence investigation report ("PSR Response"), Cardenas argued that the district court should reduce his total sentence to 360 months, even though he was serving three mandatory life sentences. The district court denied Cardenas's request and his motion to reconsider the denial of his request.

## II. Discussion

Cardenas challenges the district court's denial of the motions for release for "extraordinary and compelling reasons" and pursuant to Amendment 782. We consider each of these challenges in turn.

### A.

Cardenas brings three challenges to the district court's denial of the motion for release for "extraordinary and compelling reasons." "We review the ultimate decision to deny compassionate release for abuse of discretion." *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (alteration in original).

Cardenas first contends the district court erred in concluding that he failed to show "extraordinary and compelling" reasons that would warrant release. A "prisoner [may] move for a sentence reduction . . . when 'extraordinary and compelling reasons warrant.'" *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

Cardenas identifies two reasons he contends are "extraordinary and compelling." First, he points to the First Step Act's non-retroactive changes to § 841(b)(1)(A) which, according to Cardenas, would "reduce [his] sentencing enhancements from life imprisonment to a term of 25 years, if

sentenced today." But this court has rejected that same argument twice. *See United States v. Elam*, No. 22-40373, 2023 WL 6518115, at *2 (5th Cir. Oct. 5, 2023) (per curiam); *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam). In sum, "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *McMaryion*, 2023 WL 4118015, at *2.[3] Given this court's decisions in *Elam* and *McMaryion*, "we cannot say that the district court abused its discretion" in concluding that the First Step Act does not support Cardenas's motion for release. *Elam*, 2023 WL 6518115, at *2.[4]

Second, Cardenas argues the Supreme Court's decision *Wooden v. United States*, 595 U.S. 360, 142 S. Ct. 1063 (2022), created an "extraordinary and compelling" reason entitling him to the relief he requests. According to Cardenas, the Supreme Court's holding in *Wooden* requires that his three earlier Texas state-law convictions be treated as "one criminal episode," which would result in "a statutory enhancement of 15-

---

[3] Cardenas argues that the district court's holding "that nonretroactive changes in law, alone, cannot serve as the basis for compassionate release . . . runs contrary to this Court's holding in" *United States v. Cooper*, 996 F.3d 283 (5th Cir. 2021). Not so. In *Cooper*, this court merely remanded to "the district court to consider, *in the first instance*, whether the nonretroactive sentencing changes to [the defendant's] . . . convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence." *Id.* at 289 (emphasis added). In so doing, this court "offer[ed] no views as to the merits of the [prisoner's § 3582(c)(1)] motion." *Id.*

[4] To the extent Cardenas argues recent amendments to the Sentencing Guidelines support his request for release, he is incorrect. "[C]hanges to the Sentencing Guidelines can give rise to relief under 18 U.S.C. § 3582(c)(2), not § 3582(c)(1)." *McMaryion*, 2023 WL 4118015, at *2.

years of imprisonment instead of life."[5]  Not so.  "[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153."  *Escajeda*, 58 F.4th at 187 (emphasis in original).  Because Cardenas's "claims would have been cognizable under § 2255, they are not cognizable under § 3582(c)."  *Id.* at 188.  As such, *Wooden* did not create an "extraordinary and compelling" reason entitling Cardenas to relief under § 3582(c).

Finally, Cardenas argues the district court failed to provide a sufficient explanation for its decision to deny the motion for release.  A "district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation.  Nor is a district court required to articulate anything more than a brief statement of reasons."  *Concepcion v. United States*, 597 U.S. 481, 501, 142 S. Ct. 2389, 2404 (2022).  Thus, this court has "repeatedly held that perfunctory orders justify a discretionary decision to deny relief under § 3582(c)(1)."  *Escajeda*, 58 F.4th at 188.

The district court's seven-page order denying the motion for release and three-page order denying Cardenas's motion to reconsider discuss the nonretroactive changes the First Step Act made to § 841(b)(1)(A).  Only after considering those changes and the "circumstances [Cardenas] cites" did the district court decline to find "extraordinary and compelling circumstances." Thus, the district court did not commit a procedural error by failing to adequately consider the motion.  *See* 18 U.S.C. § 3582(c)(1); *see also Escajeda*,

---

[5] Cardenas appealed his sentence to this court.  *See United States v. Cardenas*, 606 F. App'x 246, 246 (5th Cir. 2015) (per curiam).  He argued, inter alia, that the district court erred by "treating his three related prior felony drug convictions as separate convictions instead of as a single conviction[.]"  *Id.*  This court concluded that the district court did not err in treating the convictions as separate because they "were committed sequentially, not simultaneously" and affirmed his sentence.  *Id.* at 247.

58 F.4th at 188 (holding the district court did not commit "procedural error by perfunctorily denying [defendant's] motion in a one-page order").

For these reasons, the district court did not abuse its discretion in denying Cardenas's request for release under § 3582(c)(1).

## B.

Cardenas also challenges the district court's denial of his request for a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines. "Amendment 782 reduced by two levels the Base Offense Level assigned a defendant by the Guidelines' Drug Quantity Table in Section 2D1.1." *United States v. Hernandez*, 647 F. App'x 426, 427 (5th Cir. 2016) (per curiam). Amendment 782's two-level guideline reduction applies to Cardenas's six § 841(b)(1)(B) counts but *does not* apply to the three § 841(b)(1)(A) counts, for which Cardenas received *statutorily mandated* life sentences. Nevertheless, Cardenas argued in his PSR Response that the district court could lower his *total* sentence to 360 months because of Amendment 782. In other words, rather than serve life in prison, Cardenas would "be out of jail when he would be 69 years of age" if the district court granted his request. The district court denied Cardenas's request simply because he is "subject to a statutory minimum sentence of life imprisonment" and, therefore, "his sentence remains the same."[6]

On appeal, Cardenas does not directly attack the district court's conclusion and instead changes his argument. Cardenas now argues the district court erred by not finding him eligible for a sentencing reduction under Amendment 782 for "all his . . . convictions" for which he "was *not* subject to a statutory life sentence." (emphasis added). In other words,

---

[6] The district court reached the same conclusion in denying Cardenas's motion to reconsider.

Cardenas no longer asks to be released after 360 months as he did in his PSR Response; now, he simply asks for a reduction in his sentences for certain counts that do not carry a mandatory life sentence. But "[t]o preserve an issue for appeal, the objection below must fully apprise the trial judge of the grounds for the objection so that evidence can be taken and argument received on the issue." *United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018) (citation and quotations omitted). Because Cardenas failed to do that, the plain-error standard of review applies. *See United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008) ("The plain-error standard of review applies when a party challenges a district court's sentencing decision on grounds it did not present to the district court.").

Plain-error review "involves four steps, or prongs." *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). "First, there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned[.]" *Id.* (alteration in original) (citation and quotations omitted). "Second, the legal error must be clear or obvious, rather than subject to reasonable dispute." *Id.* "Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings." *Id.* (citation and quotations omitted). "Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (emphasis omitted) (citation and quotations omitted).

Cardenas's argument fails under prongs three and four, given this court's decision in *Huerra*. In that case, a prisoner was serving a mandatory life sentence concurrently with a shorter sentence. *Huerra*, 884 F.3d at 520. The prisoner argued the district court erred with respect to the shorter

sentence. *See id.* at 519–20. Under plain-error review, this court concluded "the sentencing error did not affect Huerra's substantial rights" because the error affected the shorter sentence and did not impact the mandatory life sentence. *Id.* at 520. As such, the prisoner failed to satisfy the third prong. *Id.* For similar reasons, this court held the prisoner also failed to satisfy the fourth prong. *See id.* ("The fourth plain-error requirement is . . . absent" because the prisoner's "concurrent life sentence for Count 12 means that he can show no meaningful benefit . . . from vacating this [shorter] sentence on Count 13." (alteration in original) (citation and quotations omitted)).

Here, even if the district court reduced Cardenas's sentences for his six § 841(b)(1)(B) counts, Cardenas would still be serving *mandatory life* sentences for his three § 841(b)(1)(A) counts. Thus, the district court's failure to reduce his § 841(b)(1)(B) sentences has no impact on the total amount of time Cardenas will spend in prison. Therefore, Cardenas's challenge to the district court's denial of his request for a sentence reduction fails under plain-error review.[7]

## CONCLUSION

For the foregoing reasons, the district court did not err in denying Cardenas's request for a reduction in his sentence.

AFFIRMED.

---

[7] Cardenas argues the district court erred by relying on the 2013 version of the Sentencing Guidelines when it should have relied on the 2018 version. But Cardenas fails to identify any material differences between the 2013 and 2018 versions, nor does he explain how these differences impacted his sentence. Cardenas has inadequately briefed this issue and, therefore, has waived it. *See United States v. Barnes*, 979 F.3d 283, 304 (5th Cir. 2020) ("It is well settled in this circuit that a defendant waives an issue if he fails to adequately brief it." (citation and quotations omitted)); *see also* FED. R. APP. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions *and the reasons for them*[.]" (emphasis added)).